WRIGHT, FINLAY & ZAK, LLP
Joan C. Spaeder-Younkin, Attorney, SBN 192235
Joshua R. Hernandez, Esq., SBN 258266
4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
T: (949) 477-5050; F: (949) 608-9142
jhernandez@wrightlegal.net

Attorneys for Defendants, BSI FINANCIAL SERVICES; and WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE BROUGHAM FUND I TRUST *erroneously sued as* "Wilmington Savings Fund Society DBA Christiana Trust, as Trustee of the Brougham Fund I Trust"

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. HOBBS,<br>LISA A. MILLER-HOBBS;<br><br>      Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., CLEAR RECON CORP, BSI FINANCIAL SERVICES, WILMINGTON SAVINGS FUND SOCIETY DBA CHRISTIANA TRUST, AS TRUSTEE OF THE BROUGHAM FUND I TRUST, and DOES 1 THROUGH 24 INCLUSIVE,<br><br>      Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO  28 U.S.C. § 1441(b),(c); DECLARATION OF JOSHUA R. HERNANDEZ**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint filed:  August 28, 2018 |

  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

  **PLEASE TAKE NOTICE** that BSI FINANCIAL SERVICES ("BSI"); and WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE BROUGHAM FUND I TRUST *erroneously sued as* "Wilmington Savings Fund Society DBA Christiana Trust, as Trustee of the Brougham Fund I Trust" ("Wilmington") (collectively, "Defendants") hereby give notice of the removal of this action from the Superior Court of California, County of Sacramento, where it is presently pending, to the United States

District Court for the Eastern District of California.  As grounds for this removal, Defendants assert the following:

## THE ACTION BEING REMOVED

1.      On August 28, 2018, Plaintiffs DANIEL L. HOBBS and LISA A. MILLER-HOBBS ("Plaintiffs") filed a Complaint in the Superior Court of the State of California, County of Sacramento ("State Court"), entitled *Daniel L. Hobbs, et al. v. Wells Fargo Bank, N.A., et al*. – Case Number 34-2018-00239683 (the "Action").  A true and correct copy of the Complaint ("Complaint") on file in the Action is attached hereto as **Exhibit 1** to the Declaration of Joshua R. Hernandez ("Hernandez Decl."). Any remaining pleadings on file with the State Court for the Action will be filed with this Court as soon as they are received.

## REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

2.      The Action may be removed to the United States District Court, in accordance with 28 U.S.C. §1441(b), since this District Court has original jurisdiction over the Action on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332.  Specifically, the Action is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00.

3.      **Diversity of Citizenship.**  In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships <u>must</u> be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent and/or sham defendants.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).  As set forth below, complete diversity exists.

a.      ***Plaintiffs' Citizenship***.  Plaintiffs are natural persons.  A natural person's citizenship is determined by his or her naturalization to the United States and domicile state at the time of filing (which is the state he or she resides in with the intention to remain or to which he or she intends to return). *Kanter v. Warner–Lambert Co.,* 265 F3d 853, 857 (9th Cir. 2001). Here, as of the time of filing the Action, Plaintiffs reside in Sacramento County in the State of California. *See*, Hernandez Decl. **Exhibit 1**, ¶ 13. Therefore, Plaintiffs are deemed citizens of the State of <u>California</u> for purposes of diversity citizenship jurisdiction.

NOTICE OF REMOVAL OF ACTION

> **b.      Defendant BSI's Citizenship.** Service One, Inc. dba BSI Financial Services ("BSI") is a Delaware Corporation with its principal place of business in Texas. *See*, Hernandez Decl., **Exhibit 2** (Secretary of State Filings). For purposes of diversity of citizenship analysis, a "…corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).   As a result, BSI is a citizen of the States of Delaware and Texas for purposes of diversity citizenship jurisdiction.

> **c.      Defendant Wilmington's Citizenship.** Wilmington is a national banking association chartered under the laws of the United States with its main office in the State of Delaware. *See*, Hernandez Decl., **Exhibit 3** (Delaware Secretary of State Filings).   For diversity purposes a national bank is a citizen of the state designated as its main office in its articles of association. 28 U.S.C.A. §§ 1348; 12 U.S.C. § 1464(x); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709-715 (9th Cir. 2014). As a result, Wilmington is a citizen of Delaware for purposes of diversity citizenship jurisdiction.

> **d.      Defendant Wells Fargo Bank, N.A.'s Citizenship.**

Wells Fargo Bank, N.A ("Wells Fargo") is a national banking association chartered under the laws of the United States with its main office in South Dakota. *See,* Hernandez Decl., **Exhibit 4** (California Secretary of State Filings).   As set forth above, a national bank is a citizen of the state designated as its main office in its articles of association. 28 U.S.C.A. §§ 1348; 12 U.S.C. § 1464(x); *Rouse*, 747 F.3d at 709-715. Thus, Wells Fargo is a citizen of South Dakota for purposes of diversity citizenship jurisdiction.

> **e.      Defendant Clear Recon Corp's Citizenship.**

Clear Recon Corporation ("Clear Recon") is, and was at the time of filing of the Action, a California Corporation. *See,* Hernandez Decl., **Exhibit 5** (California Secretary of State Filing). Clear Recon's citizenship, however, is irrelevant to the diversity inquiry because on October 18, 2018, Clear Recon filed and served mail a Declaration of Non-Monetary Status ("DNMS") pursuant to California Civil Code Section 29241 in the State Court Action. *See,* Hernandez Decl., **Exhibit 6**. To date, no objection to the DNMS has been filed. As such, under Section 2924l(d), Clear Recon is now a non-party to this action. *See, Pardo v. Sage Point Lender Servs. LLC*, 2014 U.S. Dist. LEXIS 95515 (S.D.

Cal., 2014) (explaining that "several district courts in California have disregarded a trustee defendant's citizenship as being that of a "nominal" defendant when that trustee defendant has properly filed a Declaration of Non-Monetary Status in state court prior to removal"); *Figueiredo v. Aurora Loan*, 2009 U.S. Dist. LEXIS 119814 (N.D. Cal., 2009); *Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F.Supp.2d 1050, 1052 (N.D. Cal., 2009); *Amaro v. Option One Mortg. Corp*., 2009 U.S. Dist. LEXIS 2855 (C.D. Cal., 2009).

Moreover, under Ninth Circuit law, courts should "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty*, Inc., 204 F.3d 867, 873 (9th Cir. 2000) (declining to realign managing shareholders for purposes of determining jurisdiction because their interests were "essentially those of constructive trustees with no stake in the outcome except to be released of their charge"). Trustees are granted immunity for their actions under California law barring allegations of malice. Civ. Code § 2924(d). Here, Plaintiffs do not allege malice behind any of Clear Recon's actions, thus, Clear Recon is immune from any other liability. *See,* Hernandez Declaration, **Exhibit 1**. Accordingly, Clear Recon is a nominal party whose citizenship can be ignored.

Because no Defendant has the same citizenship as Plaintiffs, complete diversity of citizenship exists.

**4.** **Amount in Controversy.** In addition to diversity of citizenship, federal law requires that the "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" 28 U.S.C. § 1332(a). "In actions to enforce or protect an interest in property, the value of the property interest determines the amount in controversy." Cal. Practice Guide, Fed. Civ. Pro. Before Trial, Ch. 2C-8, §§ 2:1765, 1:1780, 2:1835-2:1836. Moreover, "in actions seeking declaratory or injunctive relief, it is well-established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002). Further, "[i]f preventing foreclosure is the plaintiff's primary purpose in bringing the lawsuit, then the loan amount is the proper measure of the amount in

NOTICE OF REMOVAL OF ACTION

controversy.'"  *Bicocca v. Wells Fargo Bank, N.A.*, 2018 WL 1100450, at *3 (E.D. Cal., Feb. 22, 2018), *citing*, *Rodriguez v. Wells Fargo Bank, N.A.*, 2016 WL 2602421, at *4 (E.D. Cal. May 5, 2016).

Here, Plaintiffs seek punitive damages, compensatory damages, statutory damages, attorney's fees, and other relief, including an injunction preventing Defendants from having the authority to enforce the subject Deed of Trust securing the $375.000.00 loan at issue in this action through foreclosure.  Thus, the object of the litigation is the $375,000.00 loan and the subject property that secures its repayment located at 2206 Stockman Circle, Folsom, California 95630 (the "Property").

Plaintiffs admit that the subject loan was executed in January 3, 2005 in the amount of $375,000.00 (Complaint, ¶ 20).  The Deed of Trust securing repayment of that $375,000.00 loan was recorded against the Property on January 7, 2005 in the public records of Sacramento County, a true and correct copy of which is attached as **Exhibit 7** to the Declaration of Joshua R. Hernandez.

In addition, the assessed value of the subject Property is $437,110.  A true and correct copy of the Sacramento County Tax Assessor's calculation of the Assessed Value of the Property is attached as **Exhibit 8** to the Declaration of Joshua R. Hernandez.   Thus, the object of the litigation, which is the subject Property, exceeds the $75,000.00 jurisdictional amount for this Court.  *Rivas v. Wells Fargo Bank, N.A.*, 2016 WL 8730674, at *4 (E.D. Cal. Dec. 9, 2016) ("Plaintiff places the entire value of the property at issue by requesting that the Court enjoin the sale of his property.").   Therefore, this action meets the minimum jurisdictional monetary amount.

**5.    Timeliness**.    A notice of removal must be filed within thirty (30) days after receipt of service of the summons and complaint.  *See* 28 U.S.C. §1446(b).  A defendant's time to remove begins only after formal service of process.  *See, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).  Here, Defendants were first served on October 15, 2018.  Because this Notice of Removal is being filed within thirty days from that date, this Notice of Removal is timely as required by 28 U.S.C. section 1446(b).

**6.    Consent of Other Parties.**  Defendant Wells Fargo consents to removal, and will be filing a separate Consent to Removal.  No other parties are named as Defendants.

**7.**    Pursuant to 28 U.S.C. section 1446(a), Defendants file this Notice in the District Court of the U.S. for the district and division within which the Action is pending.

8.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice with its attachments will promptly be served on Plaintiffs in the State Court Action, and notice thereof will be filed with the clerk of the Sacramento County Superior Court.

WHEREFORE, the Action is hereby removed from the State Court to this United States District Court, for the Eastern District of California, and removing Defendant, Rushmore, prays that this District Court proceed, pursuant to 28 U.S.C. section 1441, as well as any other relevant and applicable law, as if this Action had been originally filed in this District Court, and that the proceedings in the State Court be stayed in all respects.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: November 9, 2018                    By: */s/ Joshua R. Hernandez*
                                           Joshua R. Hernandez, Esq.
                                           Attorneys for Defendant BSI FINANCIAL
                                           SERVICES; and WILMINGTON SAVINGS FUND
                                           SOCIETY, FSB, D/B/A CHRISTIANA TRUST
                                           NOT IN ITS INDIVIDUAL CAPACITY BUT
                                           SOLELY AS TRUSTEE OF THE BROUGHAM
                                           FUND I TRUST *erroneously sued as* "Wilmington
                                           Savings Fund Society DBA Christiana Trust, as
                                           Trustee of the Brougham Fund I Trust"

NOTICE OF REMOVAL OF ACTION

## DECLARATION OF JOSHUA R. HERNANDEZ

I, Joshua R. Hernandez, declare as follows:

1.      I am an attorney licensed to practice before this Court and am one of the attorneys of record for Defendants, BSI FINANCIAL SERVICES ("BSI"); and WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE BROUGHAM FUND I TRUST *erroneously sued as* "Wilmington Savings Fund Society DBA Christiana Trust, as Trustee of the Brougham Fund I Trust" ("Wilmington") (collectively, "Defendants").   The matters stated herein are true and correct of my own personal knowledge, and if called upon as a witness, I could and would testify competently thereto, except for those that are stated on information and belief, and as to those matters, I am informed and believe them to be true.

2.      A true and correct copy of the Complaint in the above Action received by Defendants on October 15, 2018, which was delivered to my office by Defendants, is attached hereto as **Exhibit 1**.

3.      True and correct copies of printouts from the public website of the California Secretary of State, accessed and printed by me on November 9, 2018 regarding BSI are attached as **Exhibit 2**.

4.      A true and correct copy of a printout from the public website of the Delaware Secretary of State, accessed and printed by me on October 17, 2018 regarding Wilmington is attached as **Exhibit 3**.

5.      True and correct copies of printouts from the public website of the California Secretary of State, accessed and printed by me on November 9, 2018 regarding Wells Fargo Bank, N.A. are attached as **Exhibit 4**.

6.      A true and correct copy of a printout from the public website of the California Secretary of State, accessed and printed by me on November 9, 2019 regarding Clear Recon Corp. is attached as **Exhibit 5**.

7.      A true and correct copy of the Declaration of Non-Monetary Status filed by Clear Recon Corp. on October 18, 2018 in the State Court Action is attached as **Exhibit 6**.

8.      A true and correct copy of the Deed of Trust at issue in this litigation, recorded on January 7, 2005 in the Sacramento County Recorder's office, which was provided to my firm from a

NOTICE OF REMOVAL OF ACTION

title company which my firm uses to obtain documents evidencing the chain of title to real property, is attached hereto as **<u>Exhibit 7</u>**.

9.    A true and correct copy of the Sacramento County Assessor's summary of value for the Subject Property, APN No. 072-2250-007-0000 reflecting a value of $437,110, which I accessed and printed from the County's official website on November 5, 2018, is attached as **<u>Exhibit 8</u>**.

Executed under penalty of perjury under the laws of the United States of America on this 9th day of November 2018, at Newport Beach, California.

<u>*s/ Joshua R. Hernandez, Esq.*</u>
Joshua R. Hernandez, Declarant

8