UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. HOBBS and LISA A. MILLER-HOBBS,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | No. 2:18-cv-02946 KJM AC (PS)<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiffs are proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). This action was removed to federal court on November 9, 2018. ECF No. 1. Pending before this court are motions to dismiss the case in its entirety by two defendants, Wells Fargo Bank, N.A. and BSI Financial Services. ECF Nos. 4 and 6. The motions are both fully briefed. ECF Nos. 9 and 10 (plaintiffs' oppositions) and ECF Nos. 14 and 15 (defendants' replies). The motions are currently scheduled to be heard on January 16, 2019. ECF No. 13. Because the undersigned finds this case is barred in its entirety on the grounds of res judicicata, the hearing on defendants' motions is hereby VACATED, and the undersigned recommends defendants' motions be GRANTED and that this case be dismissed with prejudice.

////

////

1

**I.     Background**

Plaintiffs Daniel L. Hobbs and Lisa A. Miller-Hobbs filed the case at bar in state court, and defendants removed it to this court on November 9, 2018. ECF No. 1. Plaintiffs sue multiple defendants, including Wells Fargo Bank, N.A., Clear Recon Corp., BSI Financial Services, and Wilmington Savings Fund Society. ECF No. 1-1 at 8-10. The complaint makes the following allegations.

On or about January 3, 2005, plaintiffs entered into a consumer credit transaction by obtaining a mortgage loan for real property located at 2206 Stockman Circle, Folsom, CA 95630. Id. at 10. On or about February 3, 2016, defendant Wells Fargo Bank unlawfully substituted Clear Recon Corp. as trustee under the Deed of Trust attached to the Subject Property. Id. at 11. On or about February 8, 2016, Clear Recon and defendant BSI Financial Services recorded a Notice of Default under the deed of trust. Id. On July 12, 2016, the same defendants unlawfully recorded a Notice of Trustee's Sale. Id. at 12.

On February 21, 2017, defendant Wells Fargo Bank issued and recorded a Corporate Assignment of Deed of Trust, conveying the beneficial interest under the Deed of Trust to defendant Wilmington Savings Fund Society. Id. at 13. On or about March 12, 2018, defendant Clear Recon Corp unlawfully recoded another Notice of Trustees Sale on the subject property. Plaintiffs contend that all defendants are estopped from "claiming any interest in the Note that is allegedly secured by the Deed of Trust on Plaintiffs' Home. Id. at 15. Plaintiffs sue for wrongful foreclose, constructive fraud, violations of the California Homeowners Bill of Rights, for "treble damages," cancellation of written instruments, predatory lending practices, violations of California B&P code § 17200 et. seq., fraud in the concealment, fraud in the inducement, slander of title, quiet title, negligence, and declaratory and injunctive relief. Id. at 5.

On July 12, 2017, plaintiffs filed a complaint in the Superior Court of the State of California against the same defendants that are facing suit in this case, and that case was removed to the Eastern District of California. Hobbs v. Wells Fargo Bank, N.A., No. 2:17-cv-01920-KJM-CKD-PS, 2018 WL 288015, *1 (E.D. Cal. Jan. 4, 2018) (hereinafter referred to as "Hobbs I"). The facts presented in the complaint in Hobbs I are identical to the facts presented in the

complaint now before the court. Compare, ECF No. 1-1 at 10-15 with Hobbs I, ECF No. 1 at 13-17. The causes of action in the two complaints are identical except that the instant action adds claims for wrongful foreclosure, treble damages, and cancellation of written instruments. Compare, ECF No. 1-1 at 5 with Hobbs I, ECF No. 1 at 8. The property at issue is the same in both cases. Compare, ECF No. 1-1 at 10 with Hobbs I, ECF No. 1 at 13. The complaint in Hobbs I was dismissed on the merits on June 22, 2018, with judgment entered in favor of defendants. ECF Nos. 22, 26, 27.

## II. Motions

Defendants move to dismiss plaintiffs' complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds the claims are barred by the doctrine of res judicata. ECF No. 6 at 6; ECF No. 4-2 a 1.

## III. Legal Standard

A motion to dismiss may be predicated on a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss should be granted if a complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. Id. (citing Twombly, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept well-pleaded factual allegations as true and construe the complaint in plaintiff's favor. Id.; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In general, the court evaluates the complaint and its attachments, if any, in

3

ruling on a motion to dismiss. However, the court, as it does here, may rely on matters properly subject to judicial notice, such as filed court documents. Fed. R. Evid. 201(b) ("[A] judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Lee v. City of Los Angeles, 250 F.3d 668 at 690 (9th Cir. 2001) (court may "take judicial notice of undisputed matters of public record").

### IV.     Analysis

The claims that plaintiffs bring here have already been litigated in Hobbs v. Wells Fargo Bank, N.A., et al., 2:17–cv–01920-KJM-CKD (E.D.Cal.). That action was dismissed in its entirety, with prejudice. Hobbs 1 at ECF No. 27. The current action is therefore barred by res judicata and must be dismissed.

The legal doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono of Odham Nation, 563 U.S. 307, 315 (2011) (internal quotation marks and citations omitted). Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation marks omitted).

Here, the parties are the same. Compare, ECF No. 1-1 at 5 with Hobbs I, ECF No. 1 at 8. The facts of each case are identical. Id. The newly added causes of action for wrongful foreclosure, treble damages, and cancellation of written instrument are based on the same facts, and were available to plaintiffs at the time of the first suit. The claims are otherwise identical. There is privity between the parties: the same parties are litigating over the identical transactions. Where the parties in both actions are identical, they are "quite obviously in privity." Tahoe-Sierra
////

Pres. Council, Inc., 322 F.3d at 1081. All of the elements are met, and the doctrine of res judicata requires that this action be dismissed with prejudice.

### V. Conclusion

Because the motions to dismiss are fully briefed and the res judicata bar is apparent, the hearing set for January 16, 2018 is hereby VACATED. In light of the foregoing, the undersigned recommends that defendants' motions to dismiss (ECF Nos. 4 and 6) be GRANTED and that this case be dismissed with prejudice because it is barred by the doctrine of res judicata.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 7, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE